CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 19 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KEITH RUSSELL JUDD, #11593-051,<br>    Petitioner, | Civil Action No. 7:05-cv-00305 |
| v. | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA,<br>    Respondent. | By: Hon. James C. Turk<br>Senior United States District Judge |

Petitioner Keith Russell Judd, a federal inmate proceeding pro se, brings this action as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. §2255, and an "independent action" under Fed. R. Civ. P. 60(b). Petitioner challenges the validity of his conviction and sentence on federal charges in the United States District Court for the Western District of Texas. Petitioner is presently incarcerated in a federal prison in Pennsylvania. Upon review of available records, the court concludes that petitioner's motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. §2255, must be dismissed for lack of jurisdiction. Petitioner is also hereby advised that his future submission of frivolous motions or petitions in this court attempting to seek relief from his Texas convictions and/or sentences will result in the imposition of financial sanctions against him, similar to the sanctions imposed upon him by the United States Court of Appeals for the Fifth Circuit. See Appendix I.

As petitioner was not convicted in this court and is not incarcerated within the jurisdiction of this court, the court has no jurisdiction to address any habeas petition challenging the validity of petitioner's conviction, whether pursuant to 28 U.S.C. §2255 or 28 U.S.C. §2241. See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). The court also finds no ground upon which Rule 60(b) of the Federal Rules of Civil Procedure provides any jurisdiction for this court to overturn a federal criminal judgment. See Rule 1 (these rules apply to civil actions in federal court). The other cases,

1

rules and statutes that petitioner cites also do not provide grounds for this court to address the validity of the criminal judgment entered against petition in Texas, and his arguments do not warrant further commentary. The court will enter an order filing his action as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. §2255, dismissing that action for lack of jurisdiction.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 18th day of May, 2005.

/s/ James C. Turk
Senior United States District Judge

2

# APPENDIX I

81 Fed.Appx. 479, 2003 WL 22734689 (5th Cir.(Tex.))

**Briefs and Other Related Documents**

This case was not selected for publication in the Federal Reporter.

Please use FIND to look at the applicable circuit court rule before citing this opinion. Fifth Circuit Rule 47.5.4. (FIND CTA5 Rule 47.)

United States Court of Appeals,
Fifth Circuit.
**Keith** Russell **JUDD,** Petitioner-Appellant,
v.
David WINN, Warden, Federal Medical Center; Devens Massachusetts; Katherine Hawks-Sawyer, Director of Federal Bureau of Prisons; John Ashcroft, U.S. Attorney General, Respondents-Appellees.
No. 03-50071
Summary Calendar.
Nov. 20, 2003.

Appeal from the United States District Court for the Western District of Texas. USDC No. A-02-CV-742-JN.
Keith Russell Judd, pro se, White Deer, PA, for Petitioner-Appellant.

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM: [FN*]

> FN* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

**\*\*1** Keith Russell Judd, a federal prisoner (# 11593-051), filed this action in the guise of a 28 U.S.C. § 2241 habeas petition, in a thinly-veiled attempt to avert several sanction orders that this court has entered **\*480** against him previously. On April 30, 2003, this court directed the clerk of this court to refuse to file any *pro se* appeal concerning "any order or judgment entered in Judd's criminal proceeding, United States District Court Cause Nos. MO-98-CR-93 or MO-98-059M," unless he submitted proof of the satisfaction of prior sanctions. *United States v. Judd,* 67 Fed.Appx. 248 (5th Cir.2003). Judd's current action is just the latest of scores of frivolous attempts to challenge rulings in that same criminal proceeding. This frivolous appeal is in violation of the April 30, 2003, sanction order, and it is DISMISSED accordingly. Judd is ORDERED to pay another sanction in the amount of $105, payable to the clerk of this court.
The court hereby updates and consolidates its previous sanction orders. The clerk of this court and the clerks of all the district courts within this Circuit are hereby DIRECTED to refuse to file any action, appeal, motion, or pleading by Judd unless Judd submits proof of the satisfaction of his monetary sanctions. Only one exception applies to this general sanction: In accordance with this court's order in *In re Judd,* No. 03-50562 (5th Cir. June 30, 2003), Judd is authorized to submit in this court a nonfrivolous application for authorization to file a successive 28 U.S.C. § **2255** motion to vacate. As this court has warned Judd before, attempts to file frivolous pleadings including a frivolous motion for authorization--will invite the imposition of further sanctions.
APPEAL DISMISSED PURSUANT TO PRIOR SANCTION ORDER; MONETARY SANCTION IMPOSED; NEW SANCTIONS ON FILING IMPOSED.
C.A.5 (Tex.),2003.
Judd v. Winn

81 Fed.Appx. 479, 2003 WL 22734689 (5th Cir.(Tex.))

**Briefs and Other Related Documents (Back to top)**

- 2003 WL 23512004 (Appellate Brief) Appellant's Brief (Mar. 21, 2003)Original Image of this Document (PDF)
- 03-50071 (Docket) (Jan. 22, 2003)

END OF DOCUMENT

(C) 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.